### TYLER v. GONZALES et al.
#### No. 11523.

Court of Civil Appeals of Texas. San Antonio.

June 27, 1945.

Rehearings Denied Aug. 1 and Sept. 19, 1945.

520

L. M. Bickett, of San Antonio, for appellant.

A. L. Dilworth, of Tilden, and John R. Beasley, of Beeville, for appellees.

NORVELL, Justice.

This is an injunction suit involving a boundary dispute. Appellant, M. A. Ty-ler, sought a perpetual injunction against appellees, Nicholas Gonzales and Refugio Gonzales, restraining them from building a fence along a line which appellees claim is the boundary line between the Tyler and Gonzales tracts. Trial was to the court without a jury, and judgment rendered denying the injunctive relief prayed for by appellant. No findings of fact and conclusions of law were requested or filed. We therefore assume that all fact issues having support in the evidence were found by the trial court favorable to appellees and in accordance with the judgment.

Giving effect to the rule stated, we make the following statement of the case:

The tracts of land here involved are both out of a 320 acre survey known as McKinney and Williams Survey No. 20, McMullen County, Texas. The north boundary line and the south boundary line of this survey cross San Miguel Creek which divides the survey into two parts, that is, into what may be called a west tract and an east tract. The course of the creek, particularly in the area here involved, is approximately north and south.

Prior to July 28, 1879, the entire 320 acres of the McKinney and Williams Survey was owned by Walter Gresham. On that date he conveyed a 264 acre tract lying west of San Miguel Creek to John Hill, appellees' predecessor in title. The field notes of this conveyance are as follows:

"Beginning at a point on the north line of said survey Twenty, 15 varas from the Western bank of the San Miguel Creek, thence West to the N. W. corner of said survey to W. Stake in the South line of Survey Number Twenty-three in the name of J. M. Hernandez, Thence South 1344 varas to W. Stake, Thence East along South line of said Survey Twenty to a point 15 varas from the western bank of said San Miguel Creek, Thence Northwardly with all the meanders of said Creek, to place of beginning, the line varying said Creek's meander, to be at every point along its entire length distant fifteen varas from said Creek's western bank."

By deed dated December 29, 1881, Walter Gresham conveyed a 56 acre tract out of McKinney and Williams Survey No. 20 to James M. Martin, appellant's predecessor in title. The description of the property conveyed by this deed was:

"Said 56 acres being all of said survey except a tract of 264 acres conveyed by

Walter Gresham to John Hill by deed dated July 8th, 1879, and recorded in Volume D, Pages 111–112, Deed Records of McMullen County, Texas; the whole of said survey containing 320 acres, more or less. Said 56 acres, more or less, out of said survey lying East of the San Miguel Creek."

The estate of John Hill was partitioned after his death, and a certain 50 acre tract designated as Tract No. 2 was set aside to M. P. Hill. This tract is situated in the southeast corner of the John Hill 264 acre tract, and described in the partition proceedings as follows:

"Part No. 2, beginning at the S. E. corner of the aforesaid 54 acre tract. (This point is on the south boundary line of McKinney and Williams Survey No. 20, a distance of 330 varas east of the southwest corner.) Thence E. 713 vrs. to a stake in 15 vrs. of the San Miguel Creek. Thence up said creek N. 10° E. 385 vrs. a stake. Thence W. 780 vrs. to a stake on East line of said 54 acre tract. Thence S. 377 vrs. to the beginning."

This partition was had in 1897, and later in the same year M. P. Hill and wife conveyed said tract No. 2 to Refugio Gonzales, using field notes beginning with the northwest corner of the tract and reversing the course calls.

The 56 acre tract conveyed by Gresham to Martin was conveyed by Martin's successors in title as a part of a much larger tract of land. In May, 1935, in certain partition proceedings among Tyler and other co-owners, a tract of 7,017 acres, embracing said 56 acres out of McKinney and Williams No. 20, was set aside to Tyler. The field notes of this tract are very lengthy and were based upon the work of a surveyor named Delaney W. Cobb. The call of this large Tyler tract, where it coincides with the east boundary line of the Gonzales tract (Hill Partition No. 2) is from "a stake set by corner of fence on West bank of San Miguel Creek; thence up San Miguel Creek with the West bank following the fence line as follows: N. 10° 06′ E. 434.3 vs. a corner of fence;"

While there are certain matters disclosed by the record of the Hill partition proceedings of 1897 which make it appear that there may have been some change in the course of San Miguel Creek; the course call of the Hill partition field notes of 1897 (North 10 degrees) and the call in the Cobb notes of 1935 (Tyler et al., partition, North 10 degrees 06 minutes East) indicate that there was no substantial variation in the course of the stream from 1897 to 1935.

C. E. Haberer, a state licensed surveyor and witness for appellees, testified that he worked with Cobb in 1935 and that in running up San Miguel Creek they stayed on the west bank of San Miguel Creek, but that the creek had curved westward since 1935. Other witnesses also testified as to erosion along the creek and a consequent change of course. From this testimony it appears that San Miguel Creek has made a bend to the west and cut away the 15 vara strip formerly separating the Gonzales tract from the creek. This bend is along the central portion of the Gonzales east boundary and the creek has actually cut into the Gonzales property.

The appellees intend to construct a fence along the eastern boundary of their tract along a line which would be approximately the boundary line as it existed in 1879, the date of the conveyance from Walter Gresham to John Hill, their predecessor in title. This line would apparently be in accordance with the Cobb notes of 1935 which were used in the partition setting aside a 7,017 acre tract to the appellant. Because of the change in the course of San Miguel Creek, this line through the central section of appellees' east boundary would run down into the bed of the stream, approximately along the center line of the bed of the creek. The effect of this fencing would be to afford appellees' cattle access to the waters of San Miguel Creek within the boundaries of their fence.

We think the controlling question in view of the evidence may be stated as follows: Is the true east boundary line of the Gonzales tract where it was in 1879 (then a part of the boundary of the tract conveyed to John Hill) or does said true boundary line run in a northerly direction along points fifteen varas west of the meanders of San Miguel Creek as said Creek runs at the present time?

Appellant's contention is that the wording of the deed to Hill established a boundary which shifts with the various changes in course of San Miguel Creek, so that it is now and will be at all future times a distance of fifteen varas west of the creek.

We are unable to agree with appellant's contention. When a boundary of a tract is fixed at a river or stream the laws relating

522

to erosion and accretion are applicable thereto, and the boundary changes with the stream. 7 Tex.Jur. 138, § 20. However, the law is otherwise when the boundary is not a stream or river. The applicable rule is that the lines of a survey as originally run are its boundaries. Roberts v. Hart, Tex.Civ.App., 165 S.W. 473. When Gresham conveyed the 264 acre tract to Hill he did not intend that the boundary line between the conveyed tract and the 56 acre tract which he retained should be San Miguel Creek. He plainly established another line by the description in the deed. The effect of the language used by Gresham, i. e., "the line varying said Creek's meander to be at every point along its entire length distant fifteen varas from said Creek's western bank," was simply to adopt points along the west bank of the creek as reference points from which points the boundary could be located. Changes in the location of reference points do not work changes in boundaries, nor does the adoption of reference points along a stream make the law of water boundaries applicable to non-riparian lands. Sweringen v. City of St. Louis, 151 Mo. 348, 52 S.W. 346. We overrule appellant's first and second points.

We likewise overrule appellant's third point wherein it is asserted that at all events appellees can not erect a fence in and on the channel of the stream. We must presume that the trial court found that this fence would not constitute a nuisance. There is seemingly no evidence that it would, or that it would interfere with any legal right appellant or the public might have in and to said stream.

It does not clearly appear whether or not San Miguel Creek is "navigable." Article 5302, Vernon's Ann.Civ.Stats. We do not believe this question is material to a decision of the case, especially in view of the fact that if San Miguel Creek be navigable, the McKinney and Williams Survey No. 20 apparently comes under the provisions of the Small Act. Acts 1929, 41st Leg. p. 298, ch. 138, Article 5414a, Vernon's Ann. Civ. Stats.; Tarrant County Water Control and Improvement District No. 1 v. Fowler Tex.Civ.App., 175 S.W.2d 694.

From the discussion in the briefs it appears that appellees' intention is to construct a fence "in and along the channel of the stream"—"running laterally between the two banks of the stream"—"extending

down into the creek along a line approximately in the center of the bed of the creek." We take it therefore that appellees are not contemplating the construction of a fence which would pass to the east of the thread of the stream. The attempted construction of a fence across the thread of the stream would raise further and additional questions which are not discussed in this opinion.

Being of the opinion that none of appellant's three points discloses a reversible error, an affirmance of the trial court's judgment will be ordered.

Affirmed.